1  **ROCKARD J. DELGADILLO**, City Attorney (SBN 125465x)
   **MICHAEL L. CLAESSENS,** Sr. Assistant City Attorney
2  **CORY M. BRENTE**, Supervising Assistant City Attorney
   **RICHARD M. ARIAS** Deputy City Attorney (SBN 55416)
3  e-mail: richard.arias@lacity.org
   200 North Main Street, Room 600, City Hall East
4  Los Angeles, California 90012
   Telephone: (213) 978-7025 Facsimile: (213) 978-8785
5
6  **Attorneys for Defendants City of Los Angeles, a municipal corporation,**
   **WILLIAM J. BRATTON and VICTORIA LEE MULDER**
7
8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  R.R., a minor,by and through his<br>Guardian Ad Litem, ENEDINA<br>11  PEREZ,<br>12<br>13                              Plaintiff,<br>14      -vs-<br>15  CITY OF LOS ANGELES, LOS<br>ANGELES POLICE CHIEF<br>16  WILLIAM J. BRATTON, LOS<br>ANGELES POLICE OFFICER<br>17  VICOTRIA MULDER, AND DOES 1<br>TO 50,<br>18<br>19                              Defendants. | **Case No. CV07-06714AHM(JWJx)**<br><br>**Assigned to:**<br>**Honorable A. Howard Matz**<br><br>**Courtroom: 14**<br><br>**Assigned to:**<br>**Magistrate Jeffrey W. Johnson**<br><br>**Courtroom: C - 8th Floor**<br><br>**STIPULATED PROTECTIVE**<br>**ORDER RE DOCUMENTS AND**<br>**OTHER ITEMS PRODUCED BY**<br>**DEFENDANTS** |

20  _____

21  For purposes of this Order, Confidential Materials include:

22          1.      Personnel Complaint Investigations;

23          2.      Any and all documents, interviews, Officer Statements and/or writings

24  created during the Personnel Complaints Investigations, which include but are not

25  limited to the following:

26                  A.      Personnel Complaint Investigations

27                  ●       Interviews;

28                  ●       Officer Statements;

1

1          ● Legend w/diagram;

2          ● Pictures;

3          ● Outcomes & Conclusions;

4          ● Any Penalties;

5          ● Pictures;

6          ● Investigative Narrative.

7     3.   The Critical Incident Investigation Division Report of this incident;

8     4.   Any and all documents, interviews, Officer Statements and/or writings created during the Critical Incident Investigation, which include, but are not limited to, the following:

11          A.   Critical Incident Investigation Division Report

12               ● Interviews;

13               ● Officer Statements;

14               ● Legend w/diagram;

15               ● Pictures;

16               ● Investigative Narrative;

17               ● Outcomes & Conclusions;

18               ● Any Penalties.

19               ● Witness Statements

20               ● Statement Tapes

21     5.   1.80 Complaint histories.

22     6.   Any accompanying correspondence from Defendant to Plaintiff specifically indexing and identifying by name and number of pages the specific personnel complaint investigations and or the Critical Incident Investigation Division Report covered by this Protective Order.

### I.   GOOD CAUSE STATEMENT

**PERSONNEL COMPLAINT INVESTIGATIONS**

The Los Angeles Police Department also conducts internal administrative

2

investigations of Citizen Complaints (hereinafter referred to as "Complaint(s)"). Once an investigation of a complaint is initiated, a formal personnel complaint investigation with the corresponding "CF" number is prepared.  Such investigations are reviewed by appropriate command officers in the Department.  This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Personnel complaint investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles.

The Department strives to maintain the confidentiality of personnel complaint investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8.  Personnel complaint investigations are maintained as confidential.  Personnel complaint investigations, include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within.  The information obtained from personnel complaint investigations can, and have been used to initiate disciplinary action against officers, as well as evidence in disciplinary proceedings where the officer's conduct was considered to be contrary to Department policy. As a result, the parties have agreed to this Proposed Protective Order covering the records for the following Good Cause reasons:

**CRITICAL INCIDENT INVESTIGATIONS**

The Los Angeles Police Department also conducts internal administrative investigations of categorical officer involved uses of force.  This internal administrative investigation is conducted by the Critical Incident Investigation Division (hereinafter "CIID").  This case involved a categorical use of force and therefore was investigated by CIID.  Once completed, the investigation report

1   (hereafter "CIID" report) was prepared.  Such reports are reviewed by appropriate

2   command officers in the Department and by the Board of Police Commissioners.  This

3   review has several purposes:  (1) to determine whether the involved officers violated

4   any Department policies or procedures; (2) to determine whether administrative

5   discipline and/or retraining of the involved officers is necessary; (3) to ascertain if

6   police policies and procedures in such areas as supervision, training, tactics, policies,

7   etc.; should be modified.  In sum, CIID reports are an essential aid to providing

8   critical self evaluation of Department officers and policies and to determine the most

9   effective way to serve the citizens of Los Angeles.

10        a.      Internal Administrative Personnel Complaint Investigations and Internal

11  Administrative CIID Investigations are maintained as confidential reports and are

12  considered part of the individual officers' personnel record.  The Investigations

13  include information which is both personal in nature and could potentially impact the

14  liberty interests of the involved police officers and/or civilians named within.  The

15  information obtained from Complaint Investigations and CIID Investigations can and

16  has been used to initiate disciplinary action against officers and as evidence in

17  disciplinary proceedings where the use of force or tactics used were considered to be

18  contrary to Department policy.

19        b.      Unfettered release of Complaint Investigations and/or of CIID reports

20  would have the potential for untold negative results.  In terms of societal interests, it

21  would inhibit the Department's ability to frankly engage in critical self-analysis.  It is

22  not unusual that statements made to Internal Affairs Investigators or CIID officers are

23  against the self-interest of the witnesses interviewed, often even the penal interests of

24  those involved.  Public exposure of many Personnel Complaint Investigations or CIID

25  reports could severely threaten the safety and well-being of the individuals, their

26  families and associates.  Many Complaint Investigations and/or CIID reports include

27  embarrassing facts.  At a minimum, disclosure of an entire Personnel Complaint

28  Investigation and/or CIID report would cause needless intrusion of privacy rights and

1    have a negative effect on the  Department's effort to conduct these important

2    investigations.  Indeed, for all of these reasons, persons interviewed by Internal

3    Affairs or CIID investigators are advised that their statements are being taken for the

4    confidential use of the Department.  Additionally, police officers are not afforded the

5    same rights and privileges as other persons.  In any police investigation, a civilian has

6    the right to invoke his or her right against self-incrimination, under the Fifth

7    Amendment to the United States Constitution.  If that civilian does so, that invocation

8    will be honored, and no statement will be obtained from that person (and, therefore,

9    there will be no statement to disclose to the other parties to the action).

10          c.       However, while police officers are able to avail themselves of the

11   privileges of the Fifth Amendment, they are compelled to give a statement as part of

12   complaint investigations or CIID investigations.  The officers are told that if they fail

13   to cooperate in the investigation, they are subject to discipline, up to and including

14   discharge from office.  This procedure is authorized under California law, and the

15   statements so obtained cannot be used in any subsequent criminal proceeding.

16   However, it seems contrary to the principles of  fundamental fairness to allow

17   discovery of those compelled statements to plaintiffs in civil cases.  These are

18   statements which the officers are, for all intents and purposes, forced to give and it

19   seems completely unfair to provide these compelled statements to civil litigants.

20          d.       The Internal Affairs Administrative Investigation of citizen's complaints

21   and the CIID administrative investigation of categorical uses of force are distinct from

22   the criminal investigations which often arise from the same incident.  Relevant

23   information obtained in an Internal Affairs and/or CIID administrative investigation,

24   particularly, but not limited to administrative interviews of potential or actual criminal

25   defendants involved in an officer-involved use of force, are not a part of and are not

26   shared with detectives conducting the concurrent criminal investigation.  This is done

27   in order to avoid any intrusion into a defendant's rights under the Fifth and Sixth

28   Amendments to the United States Constitution.

1      e.      The materials and findings of Personnel Complaint Investigations or

2  CIID investigations are maintained in protected files in order to maintain their

3  confidentiality.  They are not routinely shown to other city departments.  Even then,

4  information which is not clearly relevant to the rationale governing the request is

5  redacted to ensure the utmost regard for the privacy rights of the individuals

6  mentioned within a given report.  The reports are not available to the general public

7  except by court order.  In all instances, the Department requests in camera hearing to

8  determine the relevance for releasing all or part of a given report, again to ensure the

9  constitutionally protected privacy rights of those named or otherwise identified within

10  the body of the report.

11      f.      In each case involving court-ordered disclosure of information from a

12  Complaint Investigation or CIID investigation report sought in state or federal court, it

13  is Department policy to seek a protective order limiting use of the information to the

14  case at trial and identifying those persons who may properly be granted access to the

15  information.  Absent a protective order, it becomes unrealistic to conceive that the

16  large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved

17  in many cases will be able to maintain proper confidence of personal, private material

18  absent an order which clearly delineates their responsibilities.  The orders further

19  request that said records be returned to the Department after the case has terminated,

20  either by final judgment or otherwise.  This request serves to ensure that intrusion into

21  the privacy and employment rights of those involved is limited to the particular case in

22  which the facts are relevant.

23      g.      Even with a carefully written protective order, the release of a Complaint

24  Investigation or an entire CIID report, without prior judicial review to determine

25  relevancy and assess privacy concerns, ignores the constitutional protection given to

26  individual privacy under the United States and California constitutions and which a

27  third-party such as the Department is obligated to assert.  The issuance of an

28  appropriate protective order makes certain that these privacy concerns are not

1  compromised beyond that degree necessary to the issues before the court.

2  Accordingly, on behalf of the Los Angeles Police Department and those persons

3  identified within a given Complaint or a CIID report, the Defendants respectfully

4  request these procedural protections in the instant case.

5  ## II.    TERMS OF THE PROTECTIVE ORDER

6        1A.    That the below-listed documents shall be designated confidential

7  documents and/or writings because Defendants believe, in good faith,  that these

8  documents and/or writings are privileged, confidential, private or sensitive nature.

9  This will be accomplished by affixing to such document or writing a legend, such as

10  "Confidential," "Confidential Documents,"  "Confidential Material Subject to

11  Protective Order" or words of similar effect.  Documents and writings so designated,

12  and all information derived therefrom (hereinafter, collectively, "Confidential

13  Information"), shall be treated in accordance with the terms of this

14  stipulation/protective order.

15        For purposes of this Order, Confidential Materials include:

16           1.    Personnel Complaint Investigations;

17           2.    Any and all documents, interviews, Officer Statements

18  and/or writings created during the Personnel Complaints Investigations, which include

19  but are not limted to the following:

20           A.    Personnel Complaint Investigations

21            ●    Interviews;

22            ●    Officer Statements;

23            ●    Legend w/diagram;

24            ●    Pictures;

25            ●    Outcomes & Conclusions;

26            ●    Any Penalties;

27            ●    Pictures;

28            ●    Investigative Narrative.

3.     1.80 Complaint histories;

4.     The Critical Incident Investigation Report of this incident;

5.     Any and all documents, interviews, Officer Statements and/or writings created during the Critical Incident Investigation, which include, but are not limited to, the following:

6.     The Critical Incident Investigation Report

● Interviews;

● Officer Statements;

● Legend w/diagram;

● Pictures;

● Investigative Narrative;

● Outcomes & Conclusions;

● Any Penalties.

● Witness Statements

● Statement Tapes

1B.    The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect.  The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page. Each page will be bate stamped and numbered.

2.     Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation .

3.     Subject to the further conditions imposed by this stipulation/protective

8

1    order, Confidential Information may be disclosed only to the following persons:

2           a.      Counsel for the parties and to experts, investigators, paralegal assistants,

3    office clerks, secretaries and other such personnel working under their supervision;

4           b.      Such other parties as may be agreed by written stipulation among the

5    parties hereto, or by Court Order.

6           4.      Prior to the disclosure of any Confidential Information to any person

7    described in paragraph 3(a), or 3(b), *with the exception of all Court Personnel,*

8    counsel for the party that has received and seeks to use or disclose such Confidential

9    Information shall first provide any such person with a copy of this protective order,

10   and shall cause him or her to execute the following acknowledgment:

11                  "I understand that I am being given access to Confidential Information

12                  pursuant to the foregoing protective order.  I have read the

13                  stipulation/protective order and agree to be bound by its terms with

14                  respect to the handling, use and disclosure of such Confidential

15                  Information.

16                  Dated: _____/s/ _____"

17   Once this is completed, Counsel for Plaintiffs will serve a copy of the

18   acknowledgment upon Defendants.

19          5.      Upon the final termination of this litigation, including any appeal

20   pertaining thereto, all Complaint Investigations, and/or the CIID Investigation Report,

21   as well as any other Court Ordered Documents provided pursuant to this Protective

22   Order and all copies thereof shall be returned to the Offices of the Los Angeles City

23   Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for

24   destruction/shredding.  All Confidential documentation provided to any person or

25   party, pursuant to any provision hereof, also shall be returned to the City Attorney's

26   Office. This Paragraph does not apply to the Court or it's Personnel

27          6.      If any party who receives Confidential Information receives a subpoena

28   and/or public record request seeking Confidential Information, he, she or it shall

immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this protective order, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by defendants.  However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.

7.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall first be accompanied by an application, pursuant to Local Rule 79-5.1, to request that the papers, or the confidential portion thereof, be lodged under seal.

8.     Counsel for the parties shall request that the Court consider that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury.  Counsel for the parties shall during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, give Defendants an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

///

///

///

///

9.      Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10.      This Protective Order survives settlement Trial and/or Appeal.

*IT IS SO ORDERED:*

Dated: April 22, 2008                                    /s/
                                              **HON. JEFFREY W. JOHNSON**
                                              **United States Magistrate Judge**